**ATLANTIC, PACIFIC, MARINE, INC., Plaintiff**

**v.**

**PAUL CLARKE, Defendant**

High Court of American Samoa
Trial Division

CA No. 155-94

February 12, 1997

Before RICHMOND, Associate Justice, ATIULAGI, Associate Judge.

Counsel:     For Plaintiff, William H. Reardon
             For Defendant, Marshall Ashley and Mason Martin

Order Granting Motion For Reconsideration:

On October 24, 1996, this court found defendant Paul Clarke ("Clarke") civilly liable for breach of an at-will employment contract with plaintiff Atlantic, Pacific, Marine, Inc. ("APM") and awarded APM $8,665.00 in damages. Clarke moved for reconsideration on the grounds, among other reasons, that the justice presiding in the trial court should have disqualified himself from the case.[1]

---

[1] Clarke first raised this issue by this motion, citing A.S.C.A. § 3.1007(a), which in apparent material part reads:
> No judge shall sit in any case in which he, or a family
> of which he is a member, has a substantial interest, . . .

156

■ On September 15, 1977, the High Court adopted the Code of Judicial Conduct. Canon 3(C)(1)(d)(i) states that:

> A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including but not limited to instances where . . . he or his spouse, or a person within the third degree of relationship to either ·of them, or the spouse of such person . . . is a party to the proceeding, or an officer, director, or trustee of the party.

Betty Cavanagh, an APM officer, is the spouse to Sean Gregg, APM's President. Betty Cavanagh is also the cousin by blood and sister by legal adoption of the trial justice's wife. While cousins are in the fourth or more remote degree of relationships, brothers and sisters are within the second degree of relationships under both the civil and canon law systems of calculating consanguinity. *See* 42 AM. JUR. 2d, *Judges* § 142; 1 CALIFORNIA DECEDENT ESTATE ADMINISTRATION 805 (Victor L. Chuan, Irving Slater, eds. 1971). Therefore, the trial justice was disqualified from hearing the case under Canon 3(C)(1)(d)(i), because Betty Cavanagh is a "person within the third degree of relationship to either [the judge or the judge's spouse]" and an officer of APM, a party in the case. Additionally, the trial justice was disqualified because Sean Gregg is "the spouse of [a person within the third degree of relationship to either the judge or the judge's spouse]" and also an APM officer.

■ The Code of Judicial Conduct further states that a judge disqualified

> may, instead of withdrawing from the proceeding, disclose on the record the basis of his disqualification. If based on such disclosure, the parties and lawyers, independently of the judge's participation, all agree in writing that the judge's relationship is immaterial or that his financial interest is insubstantial, the judge is no longer disqualified, and may participate in the proceeding.

---

> or is a member of the same family with any party to the case.

In our view, this statute is not free of ambiguity, but we need not address these concerns, as another specific edict is clearly applicable.

Canon 3(D). The trial justice stated his relationship to Betty Cavanaugh and Sean Gregg on the record, at the beginning of the trial, and received unequivocal waivers from both parties' counsel. However, those waivers were ineffective. The parties and lawyers did not discuss the issue of judicial disqualification "independently of the judge's participation" and did not "agree in writing that the judge's relationship was immaterial."

As the Commentary to Code Canon 3(D) explains, "the procedure is designed to minimize the chance that a party or lawyer will feel coerced into agreement." While the trial justice had the spirit of Canon 3(D) in mind, he clearly overlooked substantial compliance with the prescribed procedure and, thus, remained disqualified from hearing the present case.[2]

Since the trial justice was disqualified from hearing this action, the motion for reconsideration is granted. The order of November 8, 1994, denying the motion to quash service of process, and the opinion and order of October 24, 1996, awarding judgment to APM and damages in the amount of $8,665.00, are vacated.

It is so ordered.

---

[2] We believe that counsel were also not precisely thinking of the Canon 3(D) requirements. Counsel act unconscionably if they deliberately wait until an adverse decision is rendered before moving to disqualify a judge. *See In re Matai Title Tauala*, 15 A.S.R.2d 65, 67 (Land & Titles Div. 1990). Sanctions could then well be in order.